```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KHANNA PUGACH,                                                :
                                                              :
                                    Plaintiff,                :      1:25-mc-417-GHW
                                                              :
            -v-                                               :      ORDER
                                                              :
SCOTT BESSENT, et al.,                                        :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/26/2025

GREGORY H. WOODS, United States District Judge:

Plaintiff, who is appearing *pro se*, initiated this matter as a miscellaneous action, for which he paid a reduced filing fee.[1]  Dkt. No. 1.  The District Clerks' Manual, published by the Administrative Office of the United States Courts, "sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket."  *In re Varholy*, No. 3:23-MC-00004 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023).  That decision lists the limited matters where assignment of a miscellaneous case number is proper, including matters where the plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03.(a)(1)(ii)-(xvi)).

In addition, a miscellaneous case can be an ancillary proceeding that is directly or indirectly related to a civil or criminal case:

---

[1] The filing fee for a miscellaneous case is $52.00 and fees for a civil action are $405.00.

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* § 4.03(a)(1).

"[C]ivil matters are classified as either civil or miscellaneous cases depending on the nature of relief sought in the initiating document." *Id.* § 302(a).

In this action, Plaintiff alleges that the State of New Jersey has improperly assessed his tax liability during the 2022, 2023, and 2024 tax years. He seeks a "writ of garnishment on the Treasurer of New Jersey." Dkt. No. 1 at 5.

The relief that Plaintiff seeks demonstrates that this action is not one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.[2]

The dismissal of this matter without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.

## CONCLUSION

This action is dismissed without prejudice on the ground that it is not a proper miscellaneous case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this

---

[2] Plaintiff is not entitled to a refund of the filing fee.

case and to not accept any further filings on this docket.

    SO ORDERED.

Dated: September 26, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge